IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 4:06-688 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JAY MORRIS SPECTER, | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court for consideration of the motion for a new trial based on juror misconduct filed by counsel on behalf of the defendant Jay Morris Specter. (Doc. # 65). The defendant states that he believes one of the jurors failed to disclose a prior business relationship and possible bias against the defendant's previous employer. The defendant also states that he believes that jurors began discussing evidence before the Court instructed them to do so.

Pursuant to <u>McDonough Power Equip., Inc. v. Greenwood</u>, 464 U.S. 548, 556 (1984), in order to obtain a new trial, the defendant must demonstrate that a juror failed to answer honestly a material question, and had the juror responded honestly, there would have been a valid basis for a challenge for cause. <u>See also</u> <u>Jones v. Cooper</u>, 311 F.3d 306, (4th Cir. 2002). Additionally, a showing that a juror was actually biased can entitle a defendant to a new trial. <u>See</u> <u>Fitzgerald v. Greene</u>, 150 F.3d 357, 363 (4th Cir. 1998).

The defendant's bald allegations of dishonesty and or bias on the part of a juror are insufficient to warrant a new trial, or a hearing on the issue. This Court has no reason to doubt that the juror in question answered each question honestly. Furthermore, this Court will not issue a hearing based solely upon a defendant's conjectures of misconduct. The defendant has failed to establish bias, express or implied.

For these reasons, the defendants motion for a new trial based on juror misconduct and its request for a hearing are hereby **DENIED.** (Doc. # 65).

**IT IS SO ORDERED**.

s/Terry L. Wooten
United States District Judge

February 1, 2010
Florence, South Carolina